| | |
|---|---|
| KEITH DOBBINS #321402, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:09-cv-185 |
| | ) |
| v. | ) HON. R. ALLAN EDGAR |
| | ) |
| STATE OF MICHIGAN, et al., | ) |
| | ) **OPINION** |
| Defendants. | ) |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

I. Factual Allegations

Plaintiff Keith Dobbins #321402, an inmate at the Kinross Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants State of Michigan, Michigan Supreme Court Chief Justice Marilyn Kelly, Michigan Court of Appeals Presiding Judge Alton T. Davis, District Commissioner Neal Villhauer, and Mark A. Mcelwee. Plaintiff alleges in his complaint that he filed a state habeas corpus petition in the Chippewa County Circuit Court. No court fees were ever assessed. The Chippewa County Circuit Court subsequently denied the petition, asserting that Plaintiff was challenging his conviction and sentence, despite the fact that Plaintiff repeatedly stated that he was not challenging his conviction and sentence. Plaintiff also notes that the Chippewa County Circuit Court did not have jurisdiction to rule on a challenge to his conviction and sentence because he was not convicted in that court.

On May 23, 2008, Plaintiff filed an application for writ of habeas corpus in the Michigan Court of Appeals. On June 6, 2008, the Michigan Court of Appeals issued an order requiring Plaintiff to pay and initial partial filing fee of $22.00 within 21 days. The order stated that if Plaintiff paid the fee and refiled the pleadings within the time allotted, he would not be able to file another action in the Michigan Court of Appeals until such time as the balance of the filing fee was paid. The order also stated that monthly payments "shall be made to the Department of Corrections" in an amount of fifty percent of the deposits made to Plaintiff's account until the entire filing fee of $353.00 was paid. (Plaintiff's Exhibit C.) Plaintiff paid the initial partial filing fee as ordered and refiled his petition. On October 16, 2008, Michigan Court of Appeals Judge Alton T. Davis issued an order denying Plaintiff's request for habeas corpus relief without explanation. (Plaintiff's Exhibit

G.)  Plaintiff the filed his habeas corpus petition in the Michigan Supreme Court and was ordered to pay an initial partial filing fee of $19.00 before the court would consider the matter.  (Plaintiff's Exhibit H.)  On January 22, 2009, Michigan Supreme Court Justice Marilyn Kelly closed Plaintiff's file for failing to pay the initial partial filing fee.  (Plaintiff's Exhibit I.)  Plaintiff states Defendants' conduct resulted in the denial of his right to access the courts, to due process and to equal protection.  Plaintiff seeks a declaratory judgment that MCL 600.2963 is unconstitutional, an injunction against the State of Michigan ordering that state courts must specify the reasons for denying a habeas corpus petition on the record and rescind the order requiring Plaintiff to pay $353.00 or conduct a full hearing on Plaintiff's state habeas corpus petition, and compensatory damages.

II. <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges in his complaint that he is challenging the constitutionality of MCL § 600.2963.  Mich. Comp. Laws § 600.2963(7) and (8) state:

(7) For purposes of this section, the fact of a prisoner's incarceration cannot be the sole basis for a determination of indigency. However, this section shall not prohibit a prisoner from commencing a civil action or filing an appeal in a civil action if the prisoner has no assets and no means by which to pay the initial partial filing fee. If the court, pursuant to court rule, waives or suspends the payment of fees and costs in an action described in subsection (1) because the prisoner has no assets and no means by which to pay the initial partial filing fee, the court shall order the fees and costs to be paid by the prisoner in the manner provided in this section when the reason for the waiver or suspension no longer exists.

(8) A prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid.

The court notes that the constitutionality of MCL § 600.2963(8) was previously addressed in *Welch v. Taylor*, No. 1:07-cv-741, 2009 WL 1885039 (W.D. Mich. June 30, 2009). In *Welch*, the court states:

> The Michigan Supreme Court interpreted subsection (8) of the statute as authorizing courts to dismiss appeals in civil suits when the prisoner has not fully paid the filing fee from a prior case. *Keenan v. Dep't of Corrections,* 466 Mich. 204, 644 N.W.2d 756, 757 (Mich.2002). Several judges have expressed concern about the constitutionality of situations where indigent prisoners in Michigan are subjected to the dismissal of a lawsuit due to deficient funds. *See Bridges v. Collette,* No. 5:06-cv-46, 2008 WL 53771 * 3 n. 3 (W.D.Mich. Jan.2, 2008) (Enslen, J.); *Coleman v. Granholm,* No. 06-12485, 2008 WL 4584934 *6 n. 6 (E.D.Mich. Oct.14, 2008) (Duggan, J.) (citing positively Judge Enslen's comment in *Bridges* ); *Askew v. Dep't of Corrections,* 482 Mich. 1040, 757 N.W.2d 117 (Mich.2008) (Kelly, J. *dissenting* ) (dissenting from an order denying application for leave to appeal and citing positively Judge Enslen's comment in *Bridges* ). Nevertheless, actions alleging the Michigan Supreme Court's interpretation of MCL § 600.2963(8) is unconstitutional have routinely been dismissed, typically without reaching the merits of the constitutional claim. *See e.g., Lynch-Bey v. Wolfenbarger,* No. 07-cv-14666, 2009 WL 1505537 (E.D.Mich. May 27, 2009) (Hood, J.) (dismissing a habeas petition filed by a state prisoner whose appeal in state court was dismissed on the basis that he had not paid the

> balance of the filing fee for an appeal in a different civil suit and holding the prisoner was no longer "in custody" for the reasons which formed the basis of his habeas petition and therefore the court lacked jurisdiction). Where prisoners filed as-applied challenges to the state appellate courts' dismissal of their appeals, federal courts have dismissed the suits on the basis of the *Rooker-Feldman* doctrine. *Nali v. Whitbeck,* No. 1:07-cv-544, 2008 WL 5381818 * 5 (W.D.Mich. Dec.22, 2008) (Jonker, J.); *Bridges,* 2008 WL 53771. *See Howard v. Whitbeck,* 382 F.3d 633, 641 (6th Cir.2004) ( *Howard II* ) (holding any as-applied challenge to the state court's decision was properly dismissed under the *Rooker-Feldman* doctrine, but reversing and remanding the action for consideration of the prisoner's general challenge to the constitutionality of the statute).

*Id.* at 2009 WL 1885039, *2.

This Court lacks subject matter jurisdiction over Plaintiff's claims. A federal district court has no authority to review final judgments of state court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.1998). Even constitutional claims which are inextricably intertwined with the state court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998)) (other internal citations omitted); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (under the *Rooker- Feldman* doctrine, "a party losing in

state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002); *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492-93 (6th Cir. 2001); *Patmon*, 224 F.3d at 506-07. A defendant who loses in state court and then sues in federal court is asserting injury at the hands of the state court and his federal suit is making an impermissible attempt to obtain federal collateral review. *Garry v. Gels*, 82 F.3d 1362, 1367-68 (7th Cir.1996); *Stewart v. Fleet Financial Group*, No. 96-2146, 129 F.3d 1265, 1997 WL 705219, *1 (6th Cir. Nov. 4, 1997).

Plaintiff's claims are "inextricably intertwined" with decisions of the state courts because they amount to nothing more nor less than a "prohibited appeal" from the decisions of those courts. *Peterson Novelties*, 305 F.3d at 390. Indeed, the Sixth Circuit previously has found that the *Rooker-Feldman* doctrine bars an action challenging the termination of parental rights in state court proceedings because such an action would be an attempted appeal from a state court decision. *See Bodell v. McDonald*, No. 00-5679, 2001 WL 137557, at *2 (6th Cir. Feb. 7, 2001), *cert. denied*, 121 S. Ct. 2595 (2001); *accord Evans v. Yarbrough*. No. 00-3588, 2001 WL 1871701, at *2 (6th Cir. Dec. 13, 2000) (applying *Rooker-Feldman* to bar review of a decision by the state courts regarding parental visitation), *cert. denied*, 121 S. Ct. 1960 (2001). The recourse available to Plaintiff in response to the adverse decisions of the state courts is to apply for a writ of *certiorari* to the United States Supreme Court. *Gottfried*, 142 F.3d at 330 ("[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.").

Because the *Rooker - Feldman* doctrine clearly precludes a lower federal court from reviewing state-law decisions, Plaintiff's case is dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. A claim dismissed the basis of the *Rooker-Feldman* doctrine is legally frivolous and constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, No. 01-5325, 2001 WL 1450704 (6th Cir. 2001) (holding action to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Carlock v. Williams*, No. 98-5545, 1999 WL 454880 (6th Cir. June 22, 1999) (same)

Moreover, in *Bridges v. Collette*, 2008 WL 53771, *slip op. (*W.D. Mich. Jan. 2, 2008), Judge Enslen held that Mich. Comp. Laws § 600.2963(8), read in conjunction with § 600.2963(7), was constitutional because judges are allowed to waive the rejection of suits brought by indigent suitors with unpaid balances. Therefore, even if Plaintiff's claim was not barred by the *Rooker-Feldman* doctrine, it is properly denied for lack of merit.

In addition, Plaintiff may not maintain a § 1983 action against the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, the State of Michigan is not a "person" who may be

sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).

Finally, Plaintiff claims that Judges Kelly and Davis violated his constitutional rights. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v, Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that Defendants Kelly and Davis were acting within their jurisdiction in denying Plaintiff's claims for state habeas corpus relief. Accordingly, they are absolutely immune from liability.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  10/19/09                              */s/ R. Allan Edgar*
                                              R. ALLAN EDGAR
                                              UNITED STATES DISTRICT JUDGE